Olu K. Orange, Esq. (SBN 213653)
ORANGE LAW OFFICES
3435 Wilshire Boulevard, Suite 2910
Los Angeles, California 90010
TEL: (213) 736-9900 / FAX: (213) 417-8800
Email: o.orange@orangelawoffices.com

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE MCMURTRY and CHARLEY C. MCMURTRY SR., <br><br> Plaintiffs, <br><br> v. <br><br> JAMES FARNER, and DOES 1 through 10, <br><br> Defendants. | CASE NO. <br><br> **COMPLAINT** <br><br> 1. VIOLATION OF CIVIL RIGHTS 42 U.S.C. § 1983 (Fourteenth Amendment) <br><br> JURY DEMAND |

**PLAINTIFF ALLEGES AS FOLLOWS**:

This is a complaint for damages based upon federal civil rights violations committed by a California Highway Patrol ("CHP") employee, Sgt. James Farner and DOES 1 through 10, causing the death of Plaintiffs' son, Charley McMurtry, a veteran with mental illness.

## INTRODUCTION

1. This is a case about the police killing of a United States Marine Corps veteran, Charley C. McMurtry, Jr. (decedent), who was shot by California Highway Patrol officer(s) while experiencing an episode of crisis brought on by Post

Traumatic Stress Disorder he suffered as a result of military service to our nation.

2.  Via this lawsuit, the decedent's parents, Jacqueline McMurtry and Charley C. McMurtry, Sr., seek damages for the violation of their rights to familial association with their now deceased son.

## JURISDICTION

3.  This case is brought pursuant to 42 U.S.C. §§ 1983, 1985 and 1988.  Federal jurisdiction is based upon 28 U.S.C. §§ 1331, 1343 (a)(1–4).

## VENUE

4.  The claims alleged herein arose from events or omissions that occurred in the Central District of California.  Therefore, venue lies in the Central District of California pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

### *Plaintiffs*

5.  Plaintiffs JACQUELINE MCMURTRY and CHARLEY C. MCMURTRY SR., are the natural parents of decedent Charley C. McMurtry, Jr.

### *Defendants*

6.  Plaintiffs are informed, believe, and thereupon alleges that Defendant James Farner ("Defendant Farner") was at all times material herein acting under color of law within the course and scope of his employment and office as a law enforcement officer of the CHP.  He is being sued individually and in his official capacity.

7.     The identities, capacities, and/or or nature of involvement of Defendant DOES 1 through 10 ("Doe Defendants") are presently unknown to Plaintiff. Plaintiff therefore sues such persons and/or entities using "Does" as fictitiously-named defendants. Plaintiffs are informed, believes, and thereupon alleges that there is likely to be evidentiary support to prove that each Doe Defendant was involved in some manner and legally responsible for the acts, omissions, and/or breaches of duty alleged throughout this Complaint. Plaintiffs will amend the Complaint to name the Doe Defendants upon learning their true identities and roles in the actions complained of herein.

8.     All of the facts, acts, omissions, events, and circumstances herein mentioned and described occurred in the County of San Bernardino, State of California.

9.     Plaintiffs are informed, believe, and thereupon allege that all Defendants were, at all times relevant and material to this Complaint, acting within the course and scope of their employment duties for their respective entities and/or agencies, and under color of law. Plaintiffs are informed, believes, and thereupon alleges that each of the individual Defendants' acts were known to, discovered by, approved by, and/or ratified by their respective entities and/or agencies, by and through their policy makers, decision makers, officials, officers, and/or supervisors, including applicable Doe Defendants.

10.    Plaintiffs are informed, believe, and thereupon allege that all Defendants employed by entity and/or Doe Defendants, at all times relevant and material to this Complaint, were acting within the course and scope of their employment duties for entity and/or Doe Defendants, under color of law. Plaintiffs are informed, believe, and thereupon allege that each of the individual Defendants' acts were known to, discovered by, approved by, and/or ratified by entity and/or Doe Defendants, by and through policy makers, decision makers, and/or supervisors, including applicable Doe Defendants.

11.   Plaintiffs are informed, believe, and thereupon allege that officials, supervisors, policy makers, and other individuals with the authority to set or modify municipal and/or departmental policy, *de jure* or *de facto*, of Doe Defendants, participated in, approved of, ratified, and/or failed to prevent the acts by all Defendants and Doe Defendants of which Plaintiffs complain herein.

12.   Plaintiffs are informed, believe, and thereupon allege that at all times herein mentioned, each of the Defendants—including officials, supervisors, watch commanders, and other policy makers from entity and/or Doe Defendants and their agents—was the agent, employee, or co-conspirator of one other, some, or all of their Co-Defendants. Plaintiffs are informed, believe, and thereupon allege that each of the Defendants, acting individually and/or in concert with each other, engaged in a common plan to wrongfully deprive Plaintiff of his respective rights to privacy, freedom of expression, security in person and effects, freedom from excessive force, freedom from unreasonable searches and seizures, and due process of law, among others described herein. Each and all of the things done by each Defendant against Plaintiffs and/or decedent, as mentioned in this entire Complaint, were done, partially if not entirely, with the purpose of harming Plaintiffs, decedent and/or the relationship between them and depriving them of the rights and benefits of familial association. Such acts and omissions were also undertaken by defendants because of decedent's mental illness and actions associated therewith and/or with malice toward decedent.

13.   In doing each and all of the things herein mentioned, or neglecting or intentionally failing to rectify said misconduct, each and all Defendants were acting pursuant to a *de facto* policy and within the scope of such agency, employment, and conspiracy and with full permission, knowledge, approval, ratification, and support of each other.

1

2                 **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

3

4  14.    Decedent was 51 years old at the time of his death. Decedent was a veteran of

5       the United States Marine Corps who served as a diesel mechanic during his

6       time in the service. Unfortunately, Decedent had ongoing mental health issues

7       related to his military service, including debilitating Post Traumatic Stress

8       Disorder ("PTSD"). Decedent made at least two suicide attempts for which he

9       was hospitalized prior to February 5, 2021.

10  15.    On February 5, 2021, at or about approximately 3:00 p.m., Decedent and his

11       wife, Ann McMurtry, were driving on the Interstate 10 Freeway near the

12       Mountain exit in the city of Rialto, California, on the way to pick up a relative

13       from work. Ann McMurtry was driving and Decedent was sitting in the front

14       passenger seat. Decedent began to talk about his experiences in the military,

15       and Ann McMurtry offered to drive to the Veterans Center, where Decedent

16       was registered for mental health counseling. Decedent told his wife he loved

17       her, then suddenly pulled out a knife and slashed his wrists and throat. Ann

18       McMurtry began to pull the car over to the right shoulder. Before the car came

19       to a complete stop, Decedent, who was bleeding from his self-imposed injuries

20       to his wrists and throat, suddenly jumped out of the car and disappeared.

21  16.    Ann McMurtry called 911 and reported that her husband, a Marine veteran

22       with severe PTSD, was in mental health crisis and had a knife. She told 911

23       that Decedent had just jumped out of her vehicle while they were on the

24       freeway and requested help to find him. The 911 dispatcher told Ann

25       McMurtry that police officers would be sent. Ann McMurtry exited the

26       freeway and waited in a nearby parking lot for officers to arrive.

27  17.    Defendant Farner and DOES 1 through 10 were called out to the scene to

28       investigate. At some point around or after 3:00 p.m., Defendant Farner and

DOES 1 through 10 encountered Decedent in the westbound portion of the roadway. Defendants proceeded to shut down traffic in both directions. There were no other persons in the roadway, outside of their vehicles, except for Decedent and members of law enforcement. It was obvious and apparent to any reasonable officer based on Ann McMurtry's description of Decedent on the 911 call, as well as Decedent's appearance and demeanor, that he was suffering from mental illness and emotional disturbance.

18.    At that time, Defendant Farner and DOES 1 through 10 did not have reasonable suspicion to believe that Decedent had violated the law. Defendant Farner and DOES 1 through 10 ignored clear signs of Decedent's mental illness and failed to de-escalate the situation. In fact, Defendant Farner and DOES 1 through 10, due to lack of training, caused the situation with Decedent to escalate. Defendants approached Decedent, who was bleeding from his wrists and throat, and whose mental state at the time was PTSD-induced fear and despair, in a threatening, intimidating, and coercive manner, with lethal weapons drawn on Decedent. While acting under color of state law and in the course and scope of their duties as police officers, Defendants then fired multiple shots at Decedent, striking and injuring Decedent and ultimately killing him.

19.    At all relevant times, including during all of the shots, Decedent posed no immediate threat of death or serious bodily injury to any other person. Therefore, the shooting was excessive and unreasonable.

20.    Defendant Farner and DOES 1 through 10, in violation of the policies and procedures of the CHP, violated the constitutional rights of Decedent in that said Defendants had no reasonable grounds to shoot and kill Decedent, and in fact violated the training, custom, and practice of the CHP and DOES 1 through 10 by shooting Decedent in a manner which violated their policies, practices, and procedures – and the law.

Complaint for Damages

21.  Plaintiffs are informed and believe and thereon allege that Defendants, and each of them, lacked proper training and qualifications in dealing with a person with mental illness, and in the use of lethal, less lethal, and nonlethal force in stress situations. The lack of training by said Defendants is evidenced by their conduct in shooting Decedent, thereby inflicting injuries which ultimately resulted in Decedent's death on February 5, 2021.

22.  Decedent survived the conduct of said Defendants for a short period of time and experienced extreme physical and emotional pain and suffering. He was transported from the scene to an area hospital, where he was later pronounced dead.

23.  At all times mentioned herein, Defendant Farner and DOES 1 through 10, and each of them, were subject to the constitutions of the United States and the State of California, and the general laws of the United States and the State of California. Plaintiffs allege that the conduct of said Defendants, and each of them, deprived Decedent and Plaintiffs of their constitutionally protected rights.

24.  Plaintiffs further allege, upon information and belief, that all these complained of acts and omissions by Defendants throughout this entire Complaint are the result of their failure to be supervised, trained, and disciplined as to acts and omissions such as those complained of herein, and that such failure is in the face of an obvious likelihood that individuals' like Decedent's constitutional rights have been, and were likely to be, violated without appropriate supervision, training, and discipline.

## **DAMAGES**

25.  Each of the aforementioned acts by each Defendant directly and proximately caused Plaintiffs to suffer the following: violation of civil rights, loss of due process of law, loss of enjoyment of due process of law, deprivation of familial

7

relations, loss of enjoyment of familial relations, loss of privacy, loss of enjoyment of privacy, humiliation and injury to personal reputation, emotional injury, pain and suffering, great and extreme mental anguish with physical manifestations, burial and medical expenses, court fees and fines, attorneys fees and ongoing pecuniary loss.

## CLAIMS FOR RELIEF

***

## FIRST CLAIM FOR RELIEF

**Fourteenth Amendment (Deprivation of Familial Association)**

**By Plaintiffs Against All Defendants**

26. Plaintiffs incorporate all paragraphs, as though fully set forth herein.

27. This cause of action arises under 42 U.S.C. § 1983, wherein Plaintiffs seek to redress a deprivation under color of law of a right, privilege, or immunity secured to them by the Fourteenth Amendment to the United States Constitution.

28. The Fourteenth Amendment guarantees Plaintiffs procedural and substantive due process of law. Defendants' actions complained of herein were violations of both guarantees of due process.

29. The complained of acts of Defendants were shocking to the conscience, beyond the bounds of acts tolerable in a civilized society, and so egregious and outrageous that they may fairly be said to shock the contemporary conscience.

30. The acts and omissions as pled herein of Defendants, and each of them, were in excess of, and/or unrelated to, legitimate law enforcement purposes. Further, such acts and omissions were done with purpose and/or in knowing disregard for the likelihood that injury would be caused to decedent, that decedent's civil

Complaint for Damages

rights would be violated, and the rights of familial association of persons such as Plaintiffs would be violated.

## **PRAYER FOR RELIEF**

31. **WHEREFORE**, Plaintiffs pray for the following relief from Defendants, and each of them, for each of the above causes of action:

(i)     For compensatory damages, including general and special damages, according to proof;

(ii)    For punitive damages pursuant to 42 U.S.C. §1983 and any other applicable laws or statutes, in an amount sufficient to deter and make an example of each non-governmental entity Defendant;

(iii)   For statutory damages, according to proof;

(iv)    For prejudgment interest according to proof;

(v)     For reasonable attorney fees pursuant to 42 U.S.C. §§ 1983, 1988;  and any other applicable provisions;

(vi)    For costs of suit; and

(vii)   For such further relief which is just and proper.


Dated:  February 1, 2023.                    Respectfully submitted,
                                             ORANGE LAW OFFICES,


                                             By: _____
                                                    Olu K. Orange, Esq.
                                                    Attorney for Plaintiff

Complaint for Damages

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JURY DEMAND

Plaintiffs hereby demand a trial by jury in this action.

Dated:  February 1, 2023.

Respectfully submitted,
ORANGE LAW OFFICES

By: _____
Olu K. Orange, Esq.
Attorney for Plaintiffs

Complaint for Damages